IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01273-PAB-NRN

THE STEEPLECHASE II CONDOMINIUM ASSOCIATION, INC., a Colorado non-profit corporation,

    Plaintiff,

v.

THE TRAVELERS INDEMNITY COMPANY, a foreign corporation,

    Defendant.
_____

# ORDER
_____

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment [Docket No. 31], Travelers Indemnity Company's Motion for Summary Judgment [Docket No. 35], and Defendant Travelers Indemnity Company's Motion to Exclude Testimony Under Fed. R. Evid. 702 [Docket No. 45]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[1]

This case involves a dispute between the parties over payment of plaintiff's insurance claim for hail damage. Plaintiff is a homeowner's association located in Littleton, Colorado. Docket No. 1 at 2, ¶ 5. At all times relevant to this action, plaintiff held an insurance policy with defendant. Docket No. 35 at 3, ¶ 3.[2] The policy includes

---

[1] The following facts are undisputed unless noted otherwise.

[2] Plaintiff objects to the Declaration of Kelley Chudy [Docket No. 35-1] attached to defendant's summary judgment motion on the grounds that Mr. Chudy was not disclosed before defendant filed its summary judgment motion and plaintiff did not have

a provision stating that "[n]o one may bring a legal action against [defendant] under this policy unless . . . [t]he action is brought . . . within 2 years after the date on which the direct physical loss or damage occurred."  Docket No. 36 at 5, ¶ 20.

On June 14, 2014, plaintiff's property suffered damage as the result of a hail and wind storm.  Docket No. 35 at 3, ¶ 2; Docket No. 31 at 2, ¶ 1 (indicating date of loss of June 14, 2014).  As early as July 28, 2014, plaintiff believed that it was owed a full roof replacement due to significant hail damage.  Docket No. 35 at 5, ¶ 11.[3]  Plaintiff filed a claim with defendant on or about August 8, 2014.  Docket No. 31 at 2, ¶ 2.  Altitude Property Claims, defendant's third-party adjuster, performed an inspection of the property's roofs and subsequently provided a report of damages on August 29, 2014.  Docket No. 31 at 3, ¶ 3.  The report found a total of seven wind-damaged shingles and hail damage to the metal vent caps on all eight buildings.  *Id*.; Docket No. 35 at 3, ¶ 6.  The report further noted that the roofs had prior shingle repairs that did not match the original shingles.  Docket No. 35 at 3, ¶ 6.  Plaintiff's representative, Bryan Gramke of Heritage Roofing, was present and agreed with Altitude's assessment.  Docket No. 35 at 4, ¶ 7.

On September 5, 2014, defendant sent plaintiff a letter with its estimate, which did not include a full replacement of the roofs and was below plaintiff's deductible.

---

an opportunity to depose him.  Docket No. 38 at 3, ¶ 3.  However, the Court does not rely on the declaration in this order.  It relies only on the undisputed facts admitted by plaintiff.  *Id*. at 3-4, ¶¶ 3-4, 14-15.

[3] Plaintiff denies defendant's characterization of this fact.  Docket No. 38 at 3, ¶ 11.  However, plaintiff admits in its response that it "believed as early as July 28, 2014 that it was owed a full roof replacement . . . due to significant hail damage from the date of loss."  *Id*.

Docket No. 31 at 3, ¶ 4. Plaintiff's board knew of the denial of the full roof replacement that fall. Docket No. 35 at 5, ¶ 12. On January 23, 2015, Heritage informed defendant that the original shingles were unavailable to replace the damaged shingles. Docket No. 35 at 5, ¶ 14. Defendant responded that it would not pay for a full removal and replacement of the property's roofs, and that the shingles could be replaced using a similar shingle. *Id*. at 5-6, ¶ 15. Heritage subsequently informed plaintiff of defendant's coverage decision. *Id*. at 6, ¶ 16. After Heritage repaired the roofs in March 2015, defendant issued payment to plaintiff in August 2015 for the recoverable depreciation. *Id*., ¶¶ 17-18.

On September 26, 2016, plaintiff hired a public adjuster, Scott Benglen. Docket No. 31 at 3, ¶ 7. Mr. Benglen sent a letter to defendant on November 15, 2016 stating that he had been retained by plaintiff to adjust the claim. Docket No. 35 at 6-7, ¶ 19. Mr. Benglen argued that, because a suitable match for the shingles did not exist, defendant should pay for a full roof replacement. *Id*. Defendant agreed to re-inspect the property, but limited the re-inspection to damages documented in the initial estimate. *Id*. at 7, ¶ 20. After re-inspection, defendant sent a letter to Mr. Benglen indicating that it would not pay to replace the property's roofs because the roof had been repaired with non-matching shingles prior to the loss. *Id*., ¶ 21.

Plaintiff filed this action on May 25, 2017, alleging claims for breach of contract and statutory bad faith under Colo. Rev. Stat. § 10-3-1115 as a result of defendant's denial of coverage. Docket No. 1.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotation marks omitted) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial."

4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

III. **ANALYSIS**

Defendant moves for summary judgment on plaintiff's claims for breach of contract and insurance bad faith under Colo. Rev. Stat. § 10-3-1115. Docket No. 35. Plaintiff filed a cross motion for summary judgment on defendant's affirmative defense that plaintiff's breach of contract claim is time-barred. Docket No. 31.

A. **Breach of Contract**

Plaintiff's first claim for relief is that defendant breached its insurance contract by unreasonably denying a full roof replacement. Docket No. 1 at 5-6, ¶¶ 24-28. Defendant moves for summary judgment on this claim on the grounds that the plaintiff's claim is not timely under the terms of the policy. Docket No. 35 at 9-10.

Contract actions in Colorado "shall be commenced within three years after the cause of action accrues." Colo. Rev. Stat. § 13-80-101(1)(a).[4] However, "parties to a contract may require that actions founded on the contract be commenced within a shorter period of time than that prescribed by the applicable statute of limitations."

---

[4] Neither party refers to a choice of law provision in the insurance policy. However, both parties assume that Colorado law governs the claim. The Court will likewise assume that Colorado law governs the claim. *Cf. Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption.").

*Great Family Farms, Inc. v. Colorado Farm Bureau Mut. Ins. Co.*, 155 P.3d 537, 539 (Colo. 2006).

Defendant argues that the claim is not timely under the contract. The insurance policy prohibits plaintiff from bringing a legal action against defendant more than two years after the physical loss or damage has occurred. *See* Docket No. 36 at 5, ¶ 20. The parties do not dispute that the date of loss was June 14, 2014. *See* Docket No. 1 at 3, ¶ 7; Docket No. 31-3 (indicating date of loss of June 14, 2014). Two years after the date of loss was June 14, 2016. Plaintiff did not commence this legal action until May 25, 2017, over eleven months later. *See* Docket No. 1.

Plaintiff offers two arguments why the breach of contract claim is timely. First, it argues that, because the contract at issue is a "homeowner's insurance policy" within the meaning of Colo. Rev. Stat. § 10-4-110.8(12)(a), it may file a suit against an insurer at any time within the statute of limitations, regardless of a provision in the insurance policy shortening the time available for a policyholder to file suit. Docket No. 38 at 7-8. Second, plaintiff argues that defendant impliedly waived the limitations provision of the policy by continuing to adjust the loss after plaintiff's public adjuster became involved in the case and by failing to send out a "reservation of rights letter." *Id*. at 8-9; Docket No. 31 at 6-9.

The Court finds that neither argument is convincing. First, under Colorado law, plaintiff does not own a "homeowner's insurance policy." A recent case in this district rejected the argument that a condominium association holds a "homeowner's insurance policy." In *Pinewood Townhome Ass'n, Inc. v. Auto Owners Insurance Co.*, No. 15-cv-

01604-CMA-NYW, 2017 WL 590294, at *3 (D. Colo. Feb. 13, 2017), the court concluded that, if the policyholder is a commercial entity like a condominium association, an insurance policy that covers the commercial entity's properties is not "within the reach of § 10-4-110.8(12)(a)" because the properties at issue are townhomes owned by individual residents. Here, plaintiff is a condominium association filing suit under a business insurance policy. *See* Docket No. 35-2 at 2 (policy listing the named insured as "KC & Associates, Inc."). The Court agrees with the analysis of *Pinewood Townhome* and concludes that plaintiff does not have a homeowner's policy within the meaning of Colo. Rev. Stat. § 10-4-110.8(12)(a).

Second, defendant did not impliedly waive its right to assert the two-year limitations provision of the policy. "Waiver is the intentional relinquishment of a known right or privilege." *Dep't of Health v. Donahue*, 690 P.2d 243, 247 (Colo. 1984). A waiver may be implied "when a party engages in conduct which manifests an intent to relinquish the right or privilege, or acts inconsistently with its assertion." *Duran v. Housing Auth. of City and Cty. of Denver*, 761 P.2d 180, 183 (Colo. 1988). The party's conduct should be "free from ambiguity and clearly manifest the intention not to assert the benefit." *Id*. "Where the material facts are not disputed, the determination of whether there has been a waiver is a matter of law." *Id*. The undisputed facts show that defendant continued to adjust the claim in response to plaintiff's requests, but there is no indication that in doing so the defendant intended to waive its rights to assert a timeliness defense if the plaintiff took legal action. Plaintiff contends that defendant's continuing to adjust the claim with plaintiff's public adjuster beginning in November

2016 acts as an implied waiver because defendant "never asserted the defense after the two-year period of the loss expired." *See* Docket No. 38 at 9. Insurers, however, do not waive limitation periods by continuing to investigate the alleged loss after the limitation period has run. *See* Couch on Insurance 3rd Ed. § 238:36 (observing that "the waiver of limitation period can only occur before the limitation period has run"). To require otherwise would, among other things, deter insurance companies who have such provisions from making exceptions, which is not in the policyholders' interests.

Plaintiff suggests that defendant needed to send a "reservation of rights letter" in order to avoid impliedly waiving the limitations defense. Reservation of rights letters are appropriate when an insurer is defending an insured from a third party, but wants to reserve its rights under the insurance policy. *See* Couch on Insurance § 202:38 (explaining that "[a] reservation of rights is a means by which insurer avoids breaching its duty to defend"). This is a first-party action, however, and plaintiff cites no authority for its position.

Because plaintiff did not commence the action until more than two years passed from the date of loss, and defendant did not impliedly waive the limitations provision of the contract, the Court finds that summary judgment for defendant is warranted as to plaintiff's breach of contract claim. Correspondingly, the Court will deny plaintiff's motion for summary judgment on defendant's affirmative defense.

**B.  Statutory Bad Faith**

Plaintiff's second claim for relief is that defendant unreasonably delayed or denied benefits owed to plaintiff in violation of Colo. Rev. Stat. § 10-3-1115. Docket

No. 1 at 6, ¶¶ 29-34. Defendant moves for summary judgment on this claim on the grounds that the applicable statute of limitations bars the claim. Docket No. 35 at 10-15.

Colo. Rev. Stat. § 10-3-1115 provides that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." § 10-3-1115(1)(a). Plaintiff must therefore show that: (1) benefits were owed under the policy; and (2) defendant unreasonably delayed or denied payment of plaintiff's claim. See § 10-3-1115; *Edge Construction, LLC v. Owners Ins. Co.*, No. 14-cv-00912-MJW, 2015 WL 4035567, at *6 (D. Colo. June 29, 2015) ("[I]n order to prevail on its statutory unreasonable delay/denial claim, [plaintiff] first has to prove entitlement to benefits."). A two-year statute of limitations applies to claims brought under § 10-3-1116. *Rooftop Restoration, Inc., v. Am. Family Mutual Ins. Co.*, 418 P.3d 1173, 1175 (Colo. 2018).

To determine whether the statute of limitations has run, the Court asks when the cause of action accrued. Under Colorado law, a "cause of action accrues on the date when 'the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence.'" *Murry v. GuideOne Specialty Mut. Ins. Co.*, 194 P.3d 489, 491 (Colo. App. 2008) (quoting Colo. Rev. Stat. § 13-80-108(8)). A bad faith cause of action accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." *Wardcraft Homes, Inc. v. Emp'rs Mut. Cas. Co.*, 70 F. Supp. 3d 1198, 1212 (D. Colo. 2014). "If the action accrues at the point when

9

payment is refused, the elements of the tort are satisfied on such refusal, and the continuing condition of nonpayment cannot be a predicate to a bad faith cause of action." *Cork v. Sentry Ins.*, 194 P.3d 422, 428 (Colo. App. 2008) (quoting *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138, 1142 (Colo. 1984)) (emphasis in original removed). Statutory bad faith claims "accrue in the same manner as [common law] bad faith claims." *Wardcraft*, 70 F. Supp. 3d at 1212.

Defendant argues that plaintiff knew or should have known that plaintiff suffered its alleged injury and that the injury was defendant's fault more than two years before it filed this case on May 25, 2017. *See* Docket No. 35 at 14. The Court agrees. The record indicates that plaintiff believed as early as July 28, 2014 that the policy entitled it to a full roof replacement due to hail damage. *See* Docket No. 38 at 3, ¶ 11. Defendant informed plaintiff on September 5, 2014 that it would not replace the full roofs. *See* Docket No. 31 at 3, ¶ 4. Plaintiff's board knew of the denial of full roof replacement sometime in fall 2014. *See* Docket No. 35 at 5, ¶ 12. After Heritage informed defendant that the original shingles were unavailable, defendant informed Heritage on January 23, 2015 that it would not pay for replacement of the roofs on that basis. *See id.* at 5-6, ¶ 14-16. Though plaintiff argues that it did not have enough facts available to it in 2014 to indicate bad faith, *see* Docket No. 38 at 10, based on these undisputed facts plaintiff knew or should have known no later than January 23, 2015 that defendant was unreasonably delaying or denying payment. Because plaintiff filed this case over two years after the claim accrued on January 23, 2015, the statute of limitations bars plaintiff's claim.

Plaintiff argues that its claim accrued no earlier than February 23, 2017, when defendant told plaintiff's public adjuster that it would not cover a full roof replacement. *See* Docket No. 38 at 9-11. Plaintiff contends that the insurance policy creates a continuing duty for the defendant to continue to adjust the claim in good faith, allowing it to link continued bad-faith conduct, such as the February 23, 2017 denial, to the initial bad-faith act and sue on the initial act, even if the earlier act is outside the statute of limitations. *See* Docket No. 38 at 12. Plaintiff does not identify any case law or contractual provisions that support this argument; instead, it cites cases indicating that "new acts" of bad faith can create a new cause of action. In *Gregoire*, the Court concluded that plaintiff's uninsured motorist claim accrued when the insurance company paid the undisputed amount for repairs, but refused payment of the contested amounts. *See Gregoire v. AMCO Ins. Co.*, No. 16-cv-03067-PAB-MEH, 2018 WL 1456270 at *3 (D. Colo. Mar. 23, 2018). The Court disagreed with plaintiff's argument that the defendant's continued refusal to pay created a new, separate basis for the accrual of its bad faith cause of action. *Id*. In a similar case, the court held that defendant's continued refusal to pay after the cause of action accrued could not be a predicate to a bad faith cause of action. *See Ermentraut v. State Farm Fire & Cas. Co.*, No. 14-cv-00061-RM-KLM, 2016 WL 9735723, at *4 (D. Colo. Sept. 26, 2016) (citing *Cork*, 194 P.3d at 427). These cases support the principle that a policyholder cannot avoid the statute of limitations by making the same argument to the insurer, triggering repeated denials, and then claim that each denial restarts the statute of limitations.

Defendant told Heritage in January 2015 that it would not replace the roofs because suitable replacement shingles were available; defendant told plaintiff's public adjuster the same thing in February 2017. *Compare* Docket No. 35-7 at 3 *with* Docket No. 35-13 (formal letter to public adjuster). Plaintiff fails to demonstrate that the denial of coverage in January 2015 and the denial of coverage in February 2017 are based on different rationales, rather than the same issue of non-matching shingles. As in *Gregoire* and *Ermentraut*, plaintiff's bad faith claim is based on defendant's continued refusal to pay the same demand, which does not create a different act of bad faith in February 2017. Plaintiff knew or should have known no later than January 23, 2015 that defendant was unreasonably delaying or denying payment. Accordingly, plaintiff's arguments fail.

Because the statutory bad faith claim, like the breach of contract claim, is time-barred, the Court will grant summary judgment for defendant.[5]

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Travelers Indemnity Company's Motion for Summary Judgment [Docket No. 35] is **GRANTED**. It is further

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Docket No. 31] is **DENIED**. It is further

---

[5] Given that the Court has granted summary judgment on both counts in favor of defendant, the Court will deny defendant's Motion to Exclude Testimony Under Fed. R. Evid. 702 [Docket No. 45] as moot.

**ORDERED** that judgment be entered in favor of defendant on both of plaintiff's claims. It is further

**ORDERED** that the trial preparation conference set for December 14, 2018 and the trial set to begin on January 7, 2019 are **VACATED**. It is further

**ORDERED** that Defendant Travelers Indemnity Company's Motion to Exclude Testimony Under Fed. R. Evid. 702 [Docket No. 45] is **DENIED AS MOOT**. It is further

**ORDERED** that this case is closed.

DATED December 13, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge